PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District SOUTHERN | |
|---|---|---|
| Name Jose Encarnacion-Cross | Prisoner No. #13A5367 | Case No. |

| Place of Confinement Riverview Correctional Facility P.O. Box 247 Ogdensburg,N.Y. 13669 |
|---|

| Name of Petitioner (include name under which convicted) Jose Encarnacion-Cross | Name of Respondent (authorized person having custody of petitioner) V. Brian McAuliffe |
|---|---|

The Attorney General of the State of: New York  Eric T.Scheiderman

## PETITION

1. Name and location of court which entered the judgment of conviction under attack    Supreme Court of the State of New York  100 Centre Street NYC 10013.

2. Date of judgment of conviction  October 17,2013.

3. Length of sentence  A determinate term of eight years of imprisonment to be followed by 5 years post release supervision.    Criminal

4. Nature of offense involved (all counts)
Possession of a Controlled Substance in the First Degree(P.L. 220.21)

5. What was your plea? (Check one)

   (a) Not guilty        ☒

   (b) Guilty        ☐

   (c) Nolo contendere        ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:    None

6. If you pleaded not guilty, what kind of trial did you have? (Check one)

   (a) Jury        ☒

   (b) Judge only        ☐

7. Did you testify at the trial?

   Yes  ☒      No  ☐

8. Did you appeal from the judgment of conviction?

   Yes  ☒      No  ☐

- 2 -

9. If your answer to 8. was "yes," attach a copy of the appeals court decision to this petition and answer the following:

(a) Name of court (e.g., NYS Sup. Court,1st Dept.)   Appellate Division: First Department.

(b) Result _____ Unanimously affirmed.

(c) Date of result and citation, if known   October 6,2015 132 A.D.3d 422.

(d) List all grounds you raised (1)   POINT I: THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT A MAPP/DUNAWAY(Probable Cause)HEARING ON THE GROUNDS THAT HE DID NOT HAVE STANDING TO CONTEST THE SEARCH OF THE BAG FOUND INSIDE THE LIVERY CAB. POINT(2)II: THE TRIAL COURT ERRED AND VIOLATED CRIMINAL LAW 310.10(2)'s CONTINUOUS DELIBERATIONS MANDATE BY SUSPENDING JURY DELIBERATIONS FOR MORE THAN 24 HOURS WITHOUT MANIFEST NECESSITY. POINT III: THE TRIAL COURT ERRED AND COMMITTED A MODE OF PROCEED-ING ERROR WHEN IT GAVE AN INADEQUATE RESPONSE TO A JURY NOTE REQUESTING CLARIFICATION ON THE LEVEL OF KNOWLEDGE.(4)

10. Did you seek further review of the appeals court decision by a higher state court (e.g., the NYSCourt of Appeals)?

Yes ☒   No ☐

11. If your answer to 10. was "yes," attach a copy of the higher state court decision to this petition and answer the following:

(a) Name of court   Court of Appeals.

(b) Result   Leave to Appeal to the Court of Appeals was denied.

(c) Date of result and citation, if known   March 3,2017 132 A.D.3d 422.

(d) List all grounds you raised (1)   POINT I: THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT A MAPP/DUNAWAY (Probable Cause)HEARING ON THE GROUNDS THAT HE DID NOT HAVE STANDING TO CONTEST THE SEARCH OF THE BAG FOUND INSIDE THE LIVERY CAB. (2) POINT II: THE TRIAL COURT ERRED AND VIOLATED CRIMINAL LAW 310.10 (2)'s CONTINUOUS DELIBERATIONS MANDATE BY SUSPENDING JURY DELIBERATIONS FOR MORE THAN 24 HOURS WITHOUT MANIFEST NECESSITY.(3) POINT III: THE TRIAL COURT ERRED AND COMMITTED A MODE OF PROCEED-ING ERROR WHEN IT GAVE AN INADEQUATE RESPONSE TO A JURY NOTE REQUESTING CLARIFICATION ON THE LEVEL OF KNOWLEDGE.

12. Did you file a petition for certiorari in the United States Supreme Court?

Yes ☐   No ☒

13. If your answer to 12. was "yes," attach a copy of the United States Supreme Court decision to this petition and please answer the following with respect to each direct appeal you asked the United States Supreme Court to review:

- 3 -

(a)  Result _____

_____

(b)  Date of result and citation, if known  _____

(c)  List <u>all</u> grounds you raised (1)  _____

_____

    (2)  _____

_____

    (3)  _____

_____

    (4)  _____

_____

14.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g. a petition under NY CPL § 440, a state habeas petition, or a previous petition under 28 U.S.C. 2254) with respect to this judgment in any court, state or federal?

Yes  ☒     No  ☐

15.  If your answer to 14. was "yes," <u>attach a copy of that court's decision to this petition</u> and give the following information:

(a)  Name of court  <u>Appellate Division: First Department</u>

(b)  Nature of proceeding  <u>Writ of Error Coram Nobis.</u>

(c)  Date Filed _____  <u>July 5,2016.</u>

(d)  List <u>all</u> grounds you raised (1)  POINT I: THAT NOT WITHSTANDING APPELLANT'S ~~LACK OF STANDING TO CONTEST THE SEARCH~~ AND SEIZURE OF THE BAG FOUND IN THE BACK OF THE TAXICAB, APPELLANT NEVERTHELESS HAD STANDING TO CHALLENGE THE MANIPULATION AND THE ~~OPENING OF THE BAG AND SEALED METAL CANS.~~

    (3)  _____

    (4)  _____

(e)  Did you receive an evidentiary hearing on your petition, application, or motion?

    Yes  ☐     No  ☒

(f) Result _____

(g) Date of result _____

16.  If your answer to 14. was "yes" and you also filed a <u>second</u> petition, application, or motion, <u>attach a copy of that court's decision to this petition</u> and give the same information:

(a) Name of court _____

(b) Nature of proceeding _____

(c) Date Filed _____

(d) List <u>all</u> grounds you raised (1) _____

     (2) _____

     (3) _____

     (4) _____

(e) Did you receive an evidentiary hearing on your petition, application, or motion?

      Yes  ☐    No  ☒

(f) Result _____

(g) Date of result _____

As to any third, fourth, etc. petition, application, or motion, <u>attach a copy of that court's decision to this petition</u> and give the same information asked for under 15. and 16.

17.  If your answer to 14. was "yes" and if the court did not grant the petition(s), application(s), or motion(s) you listed under 15. and 16., did you appeal to an intermediate court of appeals (e.g., the New York State Court of Appeals or the Second Circuit Court of Appeals)?

     Yes  ☐    No  ☒

18.  If your answer to 17. was "yes," <u>attach a copy of the appeals court decision to this petition</u> and answer the following regarding <u>each</u> petition, application, or motion:

(a) Name of court _____

(b) Date Filed _____

(c) Result _____

(d) Date of result and citation, if known _____

- 5 -

(e) List all grounds you raised (1) _____

(2) _____

(3) _____

(4) _____

19. Did you appeal to the highest state court (e.g., the NYS Court of Appeals) or the United States Supreme Court for review of decisions regarding the petition(s), application(s), or motion(s) you listed in 15. and 16.?

(a) First petition       Yes  ☐   No  ☒

(b) Second petition    Yes  ☐   No  ☒

(c) Third petition      Yes  ☐   No  ☒

[List any other petition and indicate yes or no.]

20. For each "yes" answer in 19., attach a copy of that court's decision to this petition and give the following information:

(a) Name of court _____

(b) Date filed _____

(c) Result _____

(d) Date of result and citation, if known _____

(e) List all grounds you raised (1) _____

(2) _____

(3) _____

(4) _____

21. If you did not appeal from the adverse action on any petition, application, or motion, explain briefly why you did not:

I only filed a direct appeal brief,and a writ of error coram

nobis. To the Appellate Division: First Department,and to
the Court of Appeals. I am a layperson to the law.

22.  State *concisely* every ground on which you claim that you are being held unlawfully.  Summarize briefly the *facts* supporting each ground.  If necessary, you may attach pages stating additional grounds and *facts* supporting same.

     CAUTION: In order to proceed in federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court.  See 28 U.S.C. §2254(b).  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date. *See* 28 U.S.C. §2244(b).

     For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings.  Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them.  However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

     Do not check any of these listed grounds.  If you select one or more of these grounds for relief, you must allege facts.  The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b)  Conviction obtained by use of coerced confession.
(c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e)  Conviction obtained by a violation of the privilege against self-incrimination.
(f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g)  Conviction obtained by a violation of the protection against double jeopardy.
(h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i)  Denial of effective assistance of counsel.
(j)  Denial of right of appeal.

A. Ground one. POINT I: THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT A MAPP/DUNAWAY(Probable Cause)HEARING ON THE GROUNDS THAT HE DID NOT HAVE STANDING TO CONTEST THE SEARCH OF THE BAG FOUND INSIDE THE LIVERY CAB.

     Supporting FACTS (state briefly without citing cases or law):  The defendant had standing to contest the search of the bag that he was holding in the back of a livery cab,and the trial Court erred in its decision on the defense pre-trial motion for a suppression hear- ing on the bag and its contents. Under Criminal Procedure Law 710.20, a person who is aggrieved by an illegal search and seizure is authorized to move to suppress any evidence seized as a result of the illegality. Both the Appellate Division,First Department and the New York Court of Appeals have held that a defendant,as a passenger in a cab,has standing to contest the probable cause of a search of a closed container located in the back of the cab even though he was not holding the contain -er at the time of the search.

**POINT II: THE TRIAL COURT ERRED AND VIOLATED CRIMINAL LAW 310.10(2)'s CONTINUOUS DELIBERATIONS MANDATE BY SUSPENDING JURY DELIBERATIONS FOR MORE THAN 24 HOURS WITHOUT MANIFEST NECESSITY.**

Supporting FACTS (state briefly without citing cases or law):   The lower Court's violation of this rule violated **Criminal Procedure Law** and undermined the validity of the verdict when it suspended jury deliberations for more than 24 hours. Additionally, the trial court's error constituted a mode of proceedings error because it created variance with a basic mandate of law that irreparably tainted the entire trial. The conviction should therefore be vacated and this case remanded to the trial court for a new trial.

C.    Ground three:

**POINT III: THE TRIAL COURT ERRED AND COMMITTED A MODE OF PROCEEDING ERROR WHEN IT GAVE AN INADEQUATE RESPONSE TO A JURY NOTE REQUESTING CLARIFICATION ON THE LEVEL OF KNOWLEDGE**

Supporting FACTS (state briefly without citing cases or law):   The trial court erred when it failed to give a meaningful response to a jury note requesting clarification on what level of knowledge for possession need be proven by the prosecution. The trial Court's response was not only inadequate for the jury to understand the mens rea element of the crime charged, but it was misleading in that it differed from the previous instruction. The trial Court's insufficient and misleading response to the jury's request constituted a mode of proceedings error and conviction must be vacated and this case remanded to the trial court.

D.    Ground four: _____

Supporting FACTS (state briefly without citing cases or law): _____

_____

_____

_____

_____

23.    If you did not previously present any of the grounds listed in 22A, 22B, 22C, and 22D in any other court, state or federal, state briefly what grounds you did not present and give your reasons for not presenting them:
     I previously presented ground 22C in the New York State Appellate Division: First Department. By the trial Court denying the defendant a Mapp/Dunaway hearing evidence was submitted at trial that was obtained by illegal police conduct. Which made the defendant's arrest unlawful, as well as an illegal search and seizure of his person.

24. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes ☐   No ☒

(a) Name of court _____

(b) Nature of proceeding _____

(c) Date filed _____

(d) List all grounds you raised (1) _____

_____

(2) _____

_____

(3) _____

_____

(4) _____

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you challenge in this petition:

(a) At preliminary hearing _____

(b) At arraignment and plea _____

(c) At trial   Andres M.Aranda,ESQ. 930 Grand Concourse Bronx,N.Y. 10451.

(d) At sentencing   Andres M.Aranda,ESQ 930 Grand Concourse Bronx,N.Y. 10451.

(e) On appeal   Lawrence M.Fisher,ESQ 233 Broadway,Room #2348 NYC 10279.

(f) In any post-conviction proceeding   No

(g) On appeal from any adverse ruling in a post-conviction proceeding   No

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes ☐   No ☒

27.   Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐   No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐   No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_04_/_28_/_2017_
(Date)

_____
Signature of Petitioner

- 1 0 -

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK          )
                           )SS.:
COUNTY OF ST.LAWRENCE      )

Jose Encarnacion-Cross,being duly sworn,deposes and says:

That on this   day of May,2017,I submitted for mailing the follow

-ing documents:

a) Writ of Habeas Corpus

b) Direct Appeal Brief; District Attorney's Answering Affirmation
; Appellate Division: First Department's decision unanimously
affirming defendant's direct appeal; Court's decision denying
defendant Leave to Appeal to the Court of Appeals; Writ of Error
Coram Nobis; Court's decision denying Writ of Error Coram Nobis;
Appeal to the denial of Leave to Appeal to the Court of Appeals

c) Affidavit Of Service By Mail

in a box maintained at the Riverview Correctional Facility,

located at 1110 Tibbits drive,Ogdensburg,New York 13669, to

be following partie(s):


Clerk of the Court:
Southern District of New York
500 Pearl Street
New York,New York 10007

                              Respectfully Submitted,

SWORN TO BEFORE ME THIS

28ᵀᴴ  DAY OF MAY,2017.        Jose Encarnacion-Cross
                              #13A5367(Pro-Se)
                              Riverview Corr.Fac.
                              Ogdensburg,N.Y. 13669

            BRIAN MOORE
     NOTARY PUBLIC STATE OF NEW YORK
            NO. 01MO6326548
NOTARY PUBLIC  QUALIFIED IN ST. LAWRENCE COUNTY
       COMMISSION EXPIRES: 06-22-2019

11

At a Term of the Appellate Division of the Supreme Court held in and for the First Judicial Department in the County of New York on October 25, 2016.

PRESENT:   Hon. Peter Tom,                    Justice Presiding,
                Angela M. Mazzarelli
                John W. Sweeny, Jr.
                Sallie Manzanet-Daniels,       Justices.

---------------------------------------X
The People of the State of New York,
                 Respondent,

             -against-                             M-3457
                                           Ind. No. 685/13

Jose Encarnacion-Cross, also known as
Jose Encarnacion,
          Defendant-Appellant.
---------------------------------------X


          A decision and order of this Court having been entered on October 6, 2015 (Appeal No. 15774), unanimously affirming a judgment of conviction of the Supreme Court, New York County (Renee White, J.), rendered on November 21, 2013,

          And defendant-appellant having moved, in the nature of a writ of error coram nobis, for a review of his claim of ineffective assistance of appellate counsel, and for related relief,

          Now, upon reading and filing the papers with respect to the motion, and due deliberation having been had thereon,

          It is ordered that said application is denied.


                    ENTER:



                                        _____
                                                  CLERK

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT

THE PEOPLE OF THE STATE OF NEW YORK,

                        Respondent,

         -against-

JOSE ENCARNACION-CROSS AKA JOSE
ENCARNACION,

                   Defendant-Appellant.

NOTICE OF ENTRY

Indictment No.    685/13

PLEASE TAKE NOTICE, that the within is a true copy of an Order duly filed and entered in the

above-entitled action in the Office of the Clerk of the Supreme Court, Appellate Division, First Department

on October 25, 2016.

Dated:  New York, New York
          October 26, 2016

                                  CYRUS R. VANCE, JR.
                                  District Attorney, New York County
                                  One Hogan Place
                                  New York, New York 10013
                                  (212) 335-9000

STATE and COUNTY of NEW YORK

_____, being duly sworn, deposes and says, that on the ___ day of _____
2016, I served the within Order and Notice of Entry on the attorney for appellant (named hereafter) by
enclosing a true copy thereof in a first-class, post-paid wrapper, directed to the following address, which
was designated by the attorney for that purpose, and depositing the same in an official depository of the
United States Postal Service within New York State:

JOSE ENCARNACION-CROSS 13A5367
Riverview Correctional Facility
P.O. Box 247
Ogdensburg, NY 13669

Sworn to before me this _____ day of _____ 2016

                        _____
                        Notary Public